IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| CHIMERE MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 125-113 |
| | ) | |
| KIA F. VALENTINE, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Seeking recovery for injuries sustained as a result of an automobile accident, Plaintiff filed this action in the State Court of Richmond County, and Defendant removed the case to federal court on May 9, 2025, asserting jurisdiction based on diversity of citizenship and an amount in controversy exceeding $75,000.  (Doc. no. 1, pp. 1-2.)  There is no specific amount of damages claimed in the complaint, but Plaintiff seeks damages for medical expenses, emotional distress, personal inconvenience, mental and physical pain and suffering, past and future wage loss and loss of future earning capacity, and punitive damages.  (Doc. no. 1-1, pp. 4-6.)

"When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement."  Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001).  If the amount is not facially apparent from the complaint, "the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed."  Id.  Further, the burden of proving the jurisdictional amount lies with the removing defendant.  Id.

Defendant cites Plaintiff's time-limited demand letter for $100,000 as evidence the amount in controversy exceeds $75,000. (Doc. no. 1, p. 3 & Ex. 2.) However, "demand letters alone are not enough to establish amount in controversy" because "by their nature, settlement offers. . . reflect a fair amount of puffing and posturing." Gagnon v. Petsmart, Inc., No. 220-CV-676, 2020 WL 13356800, at *1 (M.D. Fla. Sept. 2, 2020). Moreover, although the letter references enclosed "medical records and bills that detail the extent of Plaintiff's injuries," (Doc. no. 1, Ex. 2, p. 1), those enclosures were not attached to the letter filed with the Court. Thus, it is not facially apparent that Plaintiff's claims exceed the amount in controversy requirement.

"[A] federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). Although a defendant must not "banish all uncertainty about" the amount in controversy, it must provide, at a minimum, specific factual allegations that, when "combined with reasonable deductions, reasonable inferences, and other reasonable extrapolations," allow the Court to conclude that the amount in controversy is satisfied, and the Court's analysis "focuses on how much is in controversy at the time of removal, not later." Pretka v. Kolter City Plaza, II, Inc., 608 F.3d 744, 754 (11th Cir. 2010). Accordingly, the Court **ORDERS** Defendant to provide sufficient evidence within fourteen days of the date of this Order that the jurisdictional amount is in controversy.

SO ORDERED this 23rd day of May, 2025, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA